## JOHN W. REED v. LEVI ARNOLD.

1. EVIDENCE; *Pleadings; Exhibits.* Where a copy of a written instrument may be used the original may be used.

2. ———— *Written Instruments; Admissions.* Where an action is brought upon a written instrument and the execution of the same is expressly or by implication of law admitted by the pleadings, there is no issue upon which evidence in proof of the written instrument may be introduced.

3. ERROR; *Practice.* Where the execution and existence of a written instrument is admitted by the pleadings, the supreme court will not reverse a judgment of the district court for excluding evidence in proof of such written instrument, although the court may have excluded such evidence for a wrong reason.

*Error from Clay District Court.*

ACTION by *Reed*, upon two written instruments. The opinion states all the facts necessary to an understanding of the questions decided. The case below was tried at the October Term 1871. Verdict and judgment in favor of *Arnold*, and the plaintiff brings the case here.

*McClure & Humphrey*, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action founded upon a promissory note and a written contract. The plaintiff in his petition below made all the necessary allegations concerning said note and contract, and the defendant's liability thereon, to show a good cause of action. But instead of attaching copies of said note and contract to his petition, as he might have done under § 118 of the code, he attached the original note and contract to his petition. The defendant answered, denying indebtedness to the plaintiff, and setting up new matter constituting a counterclaim and set-off; but he did not deny the execution of said note and contract. In fact, he expressly admitted the execution of the note, and impliedly at least admitted the execution of the contract. During the trial the plaintiff offered to introduce in evidence the note and contract. The defendant objected on the ground that no copies of the same had been attached to the petition, as required by said § 118 of the code. The court sustained the objection, and the plaintiff duly excepted. The verdict of the jury and the judgment of the court were in favor of the defendant and against the plaintiff for fifteen dollars, and the plaintiff now asks to have the judgment reversed.

The only ruling complained of is that of the court in excluding said evidence. If the only reason for excluding said evidence was that copies of said note and contract were not attached to the petition, when the originals themselves were so attached, we think the reason was a very unsound one.

Certainly, wherever copies of written instruments may be used, the originals may also be used. But there was a better reason for the exclusion of said evidence. There was no issue upon which it could be introduced. There was no controversy about the note or contract. The execution of both were admitted by the pleadings. Every material allegation of the petition not controverted by the answer must be taken as true. Civil code, § 128. And every pleading controverting the execution of a written instrument must be verified by affidavit. Code, § 108. Neither was done in this case. There was no denial of the execution of the note or contract, and no allegation of the answer was verified by affidavit. A mere denial of indebtedness on the note or contract is no denial of the execution of either. When the execution of a written instrument is admitted by the pleadings its legal effect must of necessity follow; and what its legal effect is, is purely a question of law for the court to determine. There is then no issue of fact with reference to the existence or effect of the written instrument upon which evidence can be introduced to the jury; and evidence can never be introduced to a jury except in support of some issue of fact made by the pleadings. The evidence then, as we think, was rightfully excluded. *Williams v. Norton*, 3 Kas., 295, 298; *Zane v. Zane*, 5 Kas., 140; *Furguson v. Tutt*, 8 Kas., 370. It may be that the court below excluded said evidence for a wrong reason, but we will not reverse the judgment on that ground. The judgment of the court below is affirmed.

All the Justices concurring.