BENJAMIN BRANNER v. C. B. CHAPMAN.

1. SUMMONS; *Service; Officer; Deputy.* Where a summons is issued in a suit commenced in one county, and directed to the sheriff of another county, it cannot be served by a deputy-sheriff of such other county who has no authority to serve the same except merely such authority as he may have by virtue of being such deputy-sheriff.

2. JURISDICTION; *Special Appearance.* A special appearance to contest the jurisdiction of the court does not give the court jurisdiction.

*Error from Coffey District Court.*

THE action in the court below was against *Chapman* and Crocker, the latter being sued as county clerk. The petition alleges that *Branner* is the owner of certain lands lying in Coffey county; that *Chapman* was the agent of plaintiff to pay taxes on said lands, and while being and acting as such agent *Chapman* took certain tax-sale certificates on said lands in his (Chapman's) own name to secure himself for certain moneys advanced by him for plaintiff; that *Chapman* now claims to own and hold said certificates in his own right, and threatens to take tax-deeds thereon, and that plaintiff has tendered to *Chapman* the amount due him for moneys advanced for plaintiff, principal and interest; and plaintiff prays that said *Chapman* may be required to surrender said certificates, and to account with plaintiff, and that Crocker may be enjoined from executing tax-deeds to *Chapman*, etc. The record does not show that any summons was delivered to or received by the sheriff of *Coffey* county, or that there was any attempt to obtain service on Crocker, the county clerk of said county; and Crocker made no appearance in the action. The summons issued was directed to the sheriff of *Coffey* county, but sent to the sheriff of *Lyon* county for service, and it was served on *Chapman* by the deputy-sheriff of Lyon county. The district court, at the May Term 1872, held the service void, and dismissed the action. *Branner*, plaintiff, brings the case here for review.

*A. M. F. Randolph,* and *W. L. McConnell,* for plaintiff in error:

1. The objection that the court below had not jurisdiction of the subject-matter, or of the defendant's person, should not have been by *motion,* but by *demurrer,* (Code, § 89;) and the question of the sufficiency of the facts stated in the petition to constitute a cause of action, not having been raised by the motion of defendant below, cannot now be considered by this court. 1 Kas., 488; 2 Kas., 410; 5 Kas., 254.

2. The action was properly brought in the district court of Coffey county, it being an action to determine a right or interest in lands situate in that county. (Code, § 46.) A tax-sale certificate is evidence of an equitable title in the holder to the land described in it: 8 Ohio, 216. A tax-sale creates a new source of title, and cuts off all rights existing at the time of the tax-sale: Nash Pr., 751; 55 Penn. St., 186; 22 Iowa, 519; 8 Ohio State, 430.

3. But even if, (as claimed by counsel for the defendant Chapman) this were, as it evidently is *not,* an action merely personal, there is nothing in the record nor in defendant's motion from which the court below might judicially know that the defendant Chapman resides outside of its jurisdiction, and in the absence of such showing the jurisdiction of the court below will be presumed. In *Hugh v. Martin,* 1 Ark., 463, (a case very much in point,) the court says: "The right of being sued in the county of one's residence is a personal privilege of which the defendant may avail himself *by a proper plea to the jurisdiction of the court;* but we are not aware of any law or settled rule of practice which permits him to have the same advantage *on mere motion,* and more especially when the motion is general as in this case, and does not even pretend to state any facts, which, if true, would deprive the court of its apparently rightful jurisdiction of the cause." And see 33 N. H., 511; 43 N. H., 35; 9 Mass., 95; 2 Cal., 194; 3 Estee's Pl., 305.

4. The question of service is set at rest by the voluntary appearance of the defendant Chapman. (Code, § 67.) "It is

well settled that a defect of service, if defendant appears for any other purpose than to object to the sufficiency of the service," is cured by an appearance. 1 Allen, 371.

*Allison & McConnell,* for defendant in error. No brief.

The opinion of the court was delivered by

VALENTINE, J.; This action was commenced in the district court of Coffey county by Benjamin Branner as plaintiff against C. B. Chapman and Allen Crocker, county clerk of Coffey county, as defendants. A summons was issued by the clerk of said court and *directed to the sheriff of said Coffey county.* The summons was served on Chapman alone, and it was served on him by a *deputy-sheriff of Lyon county.* No service of any summons was made on Crocker; and the deputy-sheriff of Lyon county had no authority to serve said summons on Chapman except such authority as he might have by virtue of being said deputy-sheriff. The defendant Chapman by his counsel made a special appearance in the action, and moved the court below to dismiss the action for want of jurisdiction. The court sustained the motion and dismissed the action. The plaintiff now brings the case to this court, and asks that the order of the district court dismissing said action shall be reversed. We do not perceive any error in the ruling of the court below. The service of the summons was certainly irregular if not illegal and void. A sheriff of *Lyon county* has no legal right merely by virtue of being such sheriff to serve a summons directed to the sheriff of *Coffey county,* and the deputy-sheriff of Lyon county has no greater power in this respect than the sheriff of said county himself has. The summons must always (if served in the state) be served by the officer to whom it is directed, or by his deputy, or by some person duly authorized by such officer to serve it: (Gen. Stat., p. 278, § 106.; Code, §§ 63, 66;) and it cannot legally be served by any other person. Therefore, whenever a summons is directed to one officer and is served by another, as in this case, we think the service should be set aside; and

this is the proper practice.   In the present case the parties gave the court no alternative but to hold the service bad and dismiss the action, or to hold it good and allow further proceedings to be had and judgment to be entered upon it.   And, as the service was unquestionably bad, and as this was the only service in the case, we think the court did not err in dismissing the action.   A special appearance to contest the jurisdiction of the court does not give the court jurisdiction. The order and judgment of the court below must be affirmed.

. All the Justices concurring.