**J. F. LIMERICK,** *doing business as J. F. Limerick & Co.,*
v. S. L. BARRETT *et al.*

No. 97.

OFFICIAL BOND—*Sureties not Liable for Moneys Collected under
a Void Contract.* Where the petition in an action on the official
bond of a justice of the peace alleges the collection of certain
moneys by the principal of such bond as a justice of the peace,
and the answer admits the execution of said bond, and alleges that
the moneys so collected were collected by virtue of a contract
made and entered into between the plaintiff in the action and the
said justice of the peace, and a copy of said contract is made part
of the answer, which contract shows upon its face that it was a
written agreement, and also that it was illegal and void as being
against public policy, and a reply is filed consisting of a general
denial unverified, *held,* that the execution of the written contract
was properly alleged under section 108 of the code and was not
put in issue by the allegations of the unverified reply, and *held,
further,* that under such pleadings the legal effect of the instru-
ment set forth in the answer is admitted, and that a judgment for
the defendant was properly rendered upon the pleadings.

MEMORANDUM.—Error from Sedgwick district court ;
C. REED, judge. Action on an official bond by J. F.
Limerick, doing business as J. F. Limerick & Co.,
against S. L. Barrett and others. Judgment for de-
fendants. Plaintiff brings the case to this court. Af-
firmed. The opinion herein, filed February 6, 1896,
states the material facts.

*J. V. Daugherty,* for plaintiff in error.

*Holmes & Haymaker,* for defendants in error.

The opinion of the court was delivered by

COLE, J. : Plaintiff in error brought his action in the
district court of Sedgwick county upon the official bond
of S. L. Barrett as a justice of the peace of said county.
In his petition he alleged the collection of certain
moneys by Barrett as justice of the peace, a demand for

the same, and refusal to pay over said moneys. The petition also contained a copy of said bond, and asked judgment against the principal and sureties for the amounts alleged to have been received and retained by said justice of the peace. Separate answers were filed by the principal and sureties, both alleging the same defenses, which were, first, a general denial, and second, that the moneys collected by Barrett were received by him under and by virtue of a certain contract made and entered into between the plaintiff in error and said Barrett, a copy of which said contract is attached to each of said answers and made a part thereof. A reply was filed consisting of a general denial, unverified, and, the action coming on for trial, a motion was filed by the defendants below for judgment upon the pleadings, which motion was sustained by the court, and judgment entered in favor of defendants in error and against plaintiff in error for costs, from which judgment plaintiff in error brings the case here for review.

Two questions are presented for our consideration. Plaintiff in error claims, first, that the contract set forth in the answer was not so pleaded as to require a verified denial, under section 108 of the code. This position is not well taken. Each of the answers alleges that the contract referred to was *made and entered into* between the plaintiff and said Barrett and makes a copy of the contract a part thereof. The contract shows upon its face that it was a written agreement. It appears to us that to say where the allegation is that a contract was *executed* such allegation is sufficient, but that where it alleges that it was *made and entered into* such allegation is insufficient, would be to create a distinction without a difference. If a person makes and enters into a written contract he

executes it, for that is the only manner in which a written contract can be made and entered into.

Plaintiff in error further contends that, admitting the contract was so pleaded as to require a verified denial, still the court erred in sustaining the motion for judgment upon the pleadings, for the reason, as he claims, that, as the answer alleged that the moneys collected by Barrett were received by him under such written contract, and the reply consisted of a general denial, such reply put in issue the allegation of the manner in which said moneys were collected.    To ascertain whether the trial court was correct in its ruling, we must consider the pleadings as a whole, as presented by the record.    The petition alleges that the defendant Barrett was a justice of the peace, and that he collected the moneys in question as such justice of the peace.    It also sets up a copy of his official bond.    The answers, being unverified, admit that Barrett was a justice of the peace, and then allege that he entered into a certain contract with plaintiff in error, and received the moneys in question under such contract.    The contract is set forth in full, and shows plainly upon its face that it was void as against public policy, for it attempts to make the justice of the peace the agent of plaintiff in error in certain actions which he, the said justice of the peace, was to bring before himself, and, as a consideration moving from plaintiff in error, all business of said plaintiff in error in that county was to be given to said justice of the peace.

It being settled that the contract was properly pleaded, an unverified reply admitted not only its execution but the legal effect of such instrument.    The record discloses that the moneys for which suit was brought were all alleged to have been collected by

Barrett after the execution of the contract in question. The only logical deduction from these pleadings is that Barrett collected certain moneys as justice of the peace under the contract set forth in the answer, that being admitted to be a subsisting contract at the time said moneys were alleged to have been collected, and the only one shown by any of the pleadings. The legal effect of the contract being admitted, it follows that every transaction thereunder was tainted with fraud. This position, we are satisfied, is supported by the decisions in *Reed v. Arnold*, 10 Kan. 104; *Walker v. Fleming*, 37 id. 171; *Rogers v. Coates*, 38 id. 232.

In *Walker v. Fleming*, supra, the petition alleged the assessment and levy of taxes on certain premises and the execution and delivery of tax-sale certificates. The answer was unverified. In that case the court held that the defendant's denial, not being verified, admitted not only the execution of the tax-sale certificates, the indorsement thereon, the assignment of the same, and the execution of the tax deed, but, the execution and authority being admitted, that the legal effect would be a regular assessment, levy, and sale.

In *Rogers v. Coates*, supra, the petition contained an allegation that the plaintiff was the duly qualified and acting assignee of a bank in the state of Missouri, and such averment was not denied under oath, and in that case the court held as follows:

"We believe that averment to mean that all necessary steps have been taken by plaintiff under the laws of Kansas to authorize him in a court of Kansas to bring his action as an assignee of the Mastin Bank of Kansas City, Missouri."

We are of the opinion that the court committed no

error in sustaining a motion for judgment upon the pleadings in this case, and the judgment of the district court is therefore affirmed.

All the Judges concurring.