MORGAN VINT *et al.* v. R. LINGARD MONK *et al.*

Nos. 8359, 8397.

FORECLOSURE SALE—*Price Grossly Inadequate—Mortgagors, When not Relieved.* Where mortgagors are grossly negligent of their own interest in a foreclosure proceeding, and their land is by their fault sold for a price grossly inadequate, the sale confirmed, a sheriff's deed executed, and on their motion and petition the district court refuses them any relief, and no legal or equitable objection to the proceeding is apparent, unless the inadequacy of price, and the judgment creditor offers in this court to cancel the excess judgment to an amount approximating two-thirds of the value of the land, this court will not interfere with the judgment, the sale, the confirmation, nor the deed.

*Error from Butler District Court.*

ON July 12, 1890, Monk commenced his action against the Vints to recover judgment and to foreclose a mortgage on 200 acres of land; and on Octo-

ber 23, 1890, after due personal service upon and default of the Vints, judgment was rendered against them for $2,844, bearing interest at 10 per cent. per annum, and $36.05 costs, and a decree of foreclosure was entered, and the land was ordered to be sold after six months without appraisement. On April 29, 1891, order of sale was issued, and the property was advertised to be sold on June 2, 1891, between the hours of 10 o'clock A. M. and 4 o'clock P. M., at the front door of the court-house in El Dorado, and at that time and place the land was sold by the sheriff to the Western Investment Company for $100. The sale was confirmed on June 5, and a deed was executed by the sheriff to the investment company on June 9, 1891, and recorded on the same day. On August 19, 1891, and during the same term of court at which the sale was confirmed, the Vints filed their verified motion to set aside the sale, the confirmation, and the deed, alleging several grounds therefor; and this motion was heard August 31, 1891, without other proof than the motion itself, and the court took the matter under advisement until December 7, 1891, when said motion was overruled. In due time a motion for a new trial was filed and overruled, and the proceeding in error in the first case is prosecuted for the purpose of reversing these rulings of the court. On November 30, 1891, the Vints filed a petition and commenced their action to vacate and set aside said judgment and all the proceedings had thereunder, and praying for a new trial of said action, and that they be let in to defend the same. A general demurrer to this petition was sustained April 7, 1892, and on the same day the Vints filed a motion for a new trial, which was overruled, and the second case is brought here to review the action of the court in sustaining said demurrer

and overruling the motion for a new trial. Other facts appear in the opinion, filed May 9, 1896.

*Redden & Schumacher*, for plaintiffs in error.

*Beardsley, Gregory & Flannelly*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J.: It may be gleaned from the two records that the loan to the Vints was made by the Jarvis-Conklin Mortgage Trust Company; that it sold the note and mortgage to Monk, the trust company thereafter acting as his agent for the collection of interest; that a commission mortgage was also taken by the trust company at the time the loan was made; that the Western Investment Company was organized as an auxiliary to the trust company in taking title to mortgaged lands bid in at judicial sales; and that the trust company continued to act as agent for Monk even after the conveyance of the land by the sheriff.

The foreclosure was based upon the allegation that on July 1, 1890, two years' interest remained unpaid. But the Vints claim that on May 29, 1890, they executed a promissory note for $221.80, secured by chattel mortgage, in settlement of all interest to July 1, 1890, which was afterward paid, but the trust company applied the proceeds toward the payment of the commission mortgage which was not wholly due; that soon after the commencement of the foreclosure suit they employed W. A. Phipps, an attorney of the Butler county district court, to represent and defend them, and to whom they communicated said defense as to the settlement of interest; that Phipps informed them that the land could not be sold until October, 1891, and they relied on his statement and never gave

any further attention to the case until July 28, 1891, when they heard that the land had been sold by the sheriff, and that he had given a deed for the same. In extenuation of the gross neglect of their own interests for more than a year after they knew that a foreclosure suit had been instituted, they say that they were ignorant of judicial forms and procedure, that they relied upon their attorney, and that he entirely failed to advise them; but a sheriff's sale will not be set aside for negligence of the party attacking it, his agent or attorney. (*Moore v. Pye,* 10 Kan. 246; *Welch v. Challen,* 31 id. 696; *Savings Bank v. Marsh,* 31 id. 771, 774; *Babcock v. Canfield,* 36 id. 437.)

It is not alleged that any bidder was misled, or that the parties were in any way prejudiced by the fixing of the time of sale between 10 o'clock A. M. and 4 o'clock P. M., and as such notice was not void the sale cannot be set aside because a single specific hour was not named. (*Northrop v. Cooper,* 23 Kan. 432, 439.) It is averred in the petition that the sale was not advertised for the length of time or in the manner provided by law, but this can be treated only as an attempt to plead a conclusion of law as to the sale notice, which must be disregarded after confirmation. If the date of the commencement of the publication had been given, the court would then be able to deduce therefrom the proper conclusion of law as to whether the notice had been published for the required length of time or not.

A rule of court required the filing with and cancellation by the clerk of original instruments on which suits were brought before the rendering of judgment thereon, and it is averred that the note and mortgage in this case were not so filed. A court that makes a rule may, however, dispense with its enforcement in

a particular case ; and for aught that appears in the record proof may have been made that the instruments had been lost or destroyed, and this would certainly make out a case for disregarding the rule. In the absence of any such rule, the failure to produce or offer the instruments in evidence, where no issue has been raised, is not reversible error. (*Reed v. Arnold*, 10 Kan. 102 ; *Case v. Edson*, 40 id. 161.) Counsel for Monk say that they now have the note and mortgage, and are ready to file the same.

It appears that the land was worth $5,000. It was sold by the sheriff for $100. Of course this price was grossly inadequate ; but this court has never yet held that inadequacy of price alone is a sufficient ground for the setting aside of a sheriff's sale, and in this case we can find no other ground to justify interference after confirmation and the execution of a deed. A plea is made for the defendants in error that the smallness of the bid was with the view of reducing sheriff's fees to a minimum, and not to oppress the mortgagors by pursuing them upon the unsatisfied judgment, and they now offer to cancel the excess judgment to the amount of $3,000, which they are advised is the present value of the land. Unless we depart from a long line of decisions of this court, we cannot set aside the judgment, the sale, the confirmation, nor the deed, and if a case shall ever arise for doing so it will not be where the mortgagors have so grossly neglected their affairs and failed to protect their own interests.

It will be ordered that Monk file the note and mortgage with the clerk of the district court for cancellation, that he cancel the excess judgment to the amount of $3,000, and that the judgment of the district court in each case be affirmed.

All the Justices concurring.