No. 35,152

HOME OWNERS LOAN CORPORATION, *Appellee*, v. R. H. CLOGSTON et al., *Appellants.*

(118 P. 2d 568)

Opinion filed November 8, 1941.

Robert H. Clogston, of Eureka, *pro se; Lew E. Clogston* and *Kenneth K. Cox,* both of Wichita, for the appellants.

*George S. Allen,* of Topeka, and *H. C. Castor,* of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action upon a promissory note executed by R. H. Clogston and V. L. Clogston, his wife, and to foreclose a mortgage given by them upon properties in Sedgwick county to secure the payment of the note. The petition was filed August 20, 1936, and on that date a summons was issued directed to the sheriff of Sedgwick county, who in due time made a return thereon showing he had served each of the defendants by leaving at the usual place of residence a true copy thereof, with all the endorsements thereon. No appearance was made by defendants, and in due time a judg-

ment and decree foreclosing the mortgage was rendered by default. Under this decree the property was sold December 16, 1936, bid in by the plaintiff, and the period of redemption was fixed at eighteen months, which expired June 16, 1938. On June 10, 1938, defendants filed a motion to set aside the decree and sale upon the ground that the place at which the summons had been left was not the residence of defendants and there had been no valid service. This motion was heard upon evidence and sustained on July 28, 1938. On October 11, 1938, plaintiff asked for and obtained an order making the tenants of the property parties defendant. It developed that they had no interest in the property except as tenants. On October 12, 1938, a summons was issued directed to the sheriff of Sedgwick county, who in due time returned the same, showing that he had made personal service upon the defendant, V. L. Clogston, on October 29, 1938. Also, on October 12, 1938, a summons was issued and directed to the sheriff of Greenwood county, who in due time made a return showing personal service upon the defendant R. H. Clogston on October 17, 1938, and on the same day R. H. Clogston wrote the clerk of the court requesting a copy of the petition. On December 23, 1938, plaintiff filed a supplement to its petition in which it was alleged that subsequent to the filing of the petition plaintiff had paid one year's taxes upon the property. On November 1, 1938, R. H. Clogston filed a praecipe for a copy of the petition with exhibits, motions or pleadings filed by the plaintiff since September 27, 1938, and again in January, 1939, he wrote asking for a copy of the supplementary petition filed by the plaintiff. All of these requests appear to have been complied with. On February 11, 1939, a summons was issued addressed to the sheriff of Sedgwick county, but sent to the sheriff of Greenwood county, whose deputy served the same upon the defendant R. H. Clogston personally, February 14, 1939.

On March 17, 1939, no further appearance having been made by the defendants, R. H. Clogston and V. L. Clogston, the judgment and decree of foreclosure was rendered, upon which a sheriff's sale was had, the property was bid in by the plaintiff, and the period of redemption fixed at eighteen months. On October 21, 1940, the defendants moved to set aside the judgment rendered on March 17, 1939, and the sheriff's sale held thereunder on the ground that no summons was issued and served on the defendants within sixty days from the filing of the petition, August 20, 1936, as provided by G. S. 1935, 60-308, and hence that the court was without jurisdiction to render a judgment. On October 26 an amendment to the motion was filed upon the ground that no summons was served upon the de-

fendant R. H. Clogston by a duly qualified and authorized person or officer of the law, and that the sheriff had no jurisdiction or authority to advertise and sell the property because there was no valid judgment, and that the sale was improvidently held. This motion, with its amendment, was considered by the court and overruled December 16, 1940. Defendants have appealed from that ruling.

Ignoring other matters indicating defendants were properly in court, appellants set out the summons issued February 11, 1939, addressed "To the sheriff of Sedgwick county," and served by the sheriff of Greenwood county, and argue the sheriff of Greenwood county had no authority to make the service. It may be stated as a general rule that the sheriff of any county has no authority to serve process not directed to him. (*Branner v. Chapman,* 11 Kan. 118; 21 R. C. L. 1266; 61 C. J. 470; *Merchants Credit Service v. Chouteau County Bank* [Mont.], 114 P. 2d 1074.) Upon the hearing of the motion, December 16, 1940, it was shown the praecipe for this summons asked that it be directed to the sheriff of Greenwood county. The body of the summons showed that personal service was required upon R. H. Clogston, Eureka, Kan. Eureka is the county seat of Greenwood county. In view of the letters and praecipes sent by R. H. Clogston to the clerk of the district court of Sedgwick county for copies, and the long delay in raising any question about this service, the trial court was of the opinion that the summons was irregular but not void under the authority of *Farmers Coöperative Ass'n v. Hed,* 122 Kan. 435, 251 Pac. 1090. Even if it is subject to criticism, the record shows a valid service of summons upon R. H. Clogston on October 17, 1938. Appellants make no contention that this service was not good. Indeed, they ignore it. More than that, the motion filed by defendants on June 10, 1938, to set aside the first sheriff's sale and the judgment upon which it was based, was a general appearance—it does not purport to be anything else—and had the effect of giving the court jurisdiction over the person of defendants even if no summons had ever been issued. The result is the judgment of the trial court was correct, not only for the reasons stated but for others which appear in the record.

Defendants' motion, filed October 21, 1940, to set aside the judgment of March 17, 1939, was upon the ground that no summons was issued or served within sixty days from the filing of the petition, as provided by G. S. 1935, 60-308. In this court the point is not argued by appellants. We think this section of the statute has no application in this case.

The judgment of the court below is affirmed.