No. 43,934

Edna Finn, Administratrix of the Estate of William Finn, Deceased, *Appellee*, v. (Sisters of St. Joseph of Wichita, Kansas, Defendant); Dr. H. J. Veatch, *Appellant*.

(403 P. 2d 189)

Opinion filed June 12, 1965.

*R. L. White*, of Pittsburg, and *William Tinker*, of Wichita, argued the cause, and *R. L. Letton* and *J. Curtis Nettels*, both of Pittsburg, and *Arthur W. Skaer, Hugh P. Quinn, Alvin D. Herrington, Richard T. Foster, Lee H. Woodard*, and *William A. Hensley*, all of Wichita, were with them on the brief for the appellant, H. J. Veatch.

*J. John Marshall*, of Pittsburg, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by a defendant doctor in a malpractice action originally instituted by decedent during his lifetime and revived by plaintiff, as administratrix for the estate of her decedent husband, against such doctor and the hospital where decedent had been admitted as a patient for the purpose of having a hemorrhoidectomy performed.

The hospital did not appeal and is merely a defendant here.

The two questions raised by the defendant doctor's appeal are centered around an amended petition filed by the plaintiff.

1. Was it error to overrule the doctor's motion to strike the amended petition because the filing of the amended petition and the joinder of the doctor as defendant was without leave of court having first been obtained and was, therefore, ineffectual to make the doctor a properly joined and served party defendant?

2. Was it error to overrule the doctor's demurrer to the amended petition because the cause of action alleged therein against the doctor was barred by

the two year statute of limitation, G. S. 1949, 60-306, *Third* (now K. S. A. 60-513 [4])?

Briefly, the facts alleged in this appeal are that on June 5, 1961, decedent, as a patient of Doctor H. J. Veatch, was admitted to Mt. Carmel Hospital in Pittsburg, Kansas, for the purpose of having a hemorrhoidectomy performed, as previously mentioned. The hospital is owned and operated by a Kansas corporation, Sisters of St. Joseph of Wichita, Kansas. On June 6, 1961, at 8:00 a. m. such surgery was performed. Thereafter, and while decedent was under deep anesthetic and sedation, he was placed in Room 235 of the hospital. At 10:45 a. m. while he was still under deep anesthetic and sedation, decedent fell from the bed sustaining a comminuted inter trochanteric fracture of the left hip. The bed was not equipped with side boards, rails, bars or other safety devices to prevent decedent from slipping, sliding, falling or toppling from the bed, or if the bed was so equipped such devices were not raised to restrain decedent from falling. No one was present from the time decedent was placed in the bed until after he had fallen therefrom.

The original petition in this action against the hospital only was filed on December 1, 1961, by decedent, who died on March 22, 1962. On June 4, 1962, the present plaintiff, as administratrix of decedent's estate, sought an order of revivor under G. S. 1949, 60-3201 (now K. S. A. 60-1801) and 60-3212, which order was granted on the same date. On June 6, 1963, over one year later, plaintiff filed her amended petition including as defendant the attending physician and surgeon, Doctor H. J. Veatch.

At the time of filing the amended petition the plaintiff had not obtained leave of court therefor. However, five days later, on June 11, 1963, an order was entered by the district court giving plaintiff permission to file her amended pleading making Doctor Veatch a party defendant. Under G. S. 1949, 60-759, then in force, trial courts are clothed with wide discretion in allowing amendments. (*Fiest v. Steere*, 175 Kan. 1, 259, P. 2d 140; *Blair v. Hallmark*, 188 Kan. 102, 360 P. 2d 1051.) In *Reed v. Western Light & Tel. Co.*, 155 Kan. 134, 122 P. 2d 723, we said:

"This section gives trial courts the authority to allow amendments to pleadings in the furtherance of justice and on such terms as the court may deem proper." (p. 639.)

In our view the order of June 11, 1963, constituted the trial court's consent to the amendment filed June 6, 1963. Accordingly, we cannot say that plaintiff's amended pleading did not have the court's permission. Approval of plaintiff's action in filing the amended petition is further evidenced by the trial court's refusal to sustain Doctor Veatch's motion to strike it from the files.

The record reveals that after the amendment was filed, service of summons was obtained on Doctor Veatch the following day, June 7, 1963. On this showing of diligence, the action against Veatch must be deemed to have been commenced on the date of filing (G. S. 1949, 60-308) and thus within the two year period of limitations. (*Mingenback v. Mingenback*, 176 Kan. 471, 271 P. 2d 782.)

We hold the amended petition was sufficient to make Doctor Veatch an additional party defendant and was timely filed. It is unnecessary to discuss other points raised by the parties.

Judgment affirmed.