No. 43,934

EDNA FINN, Administratrix of the Estate of William Finn, Deceased, *Appellee*, v. (SISTERS OF ST. JOSEPH OF WICHITA, KANSAS, Defendant); DR. H. J. VEATCH, *Appellant*.

(407 P. 2d 535)

Opinion filed November 6, 1965.

*R. L. White*, of Pittsburg, and *William Tinker*, of Wichita, argued the cause, and *R. L. Letton* and *J. Curtis Nettels*, both of Pittsburg, and *Arthur W. Skaer; Hugh P. Quinn; Alvin D. Herrington; Richard T. Foster; Lee H. Woodard*, and *William A. Hensley*, all of Wichita, were with them on the briefs for the appellant, H. J. Veatch.

*J. John Marshall*, of Pittsburg, argued the cause and was on the briefs for the appellee.

OPINION OF REHEARING

The opinion of the court was delivered by

PARKER, C. J.: This is a rehearing. The original opinion was filed June 12, 1965. (See *Finn, Administratrix v. Veatch*, 195 Kan. 13, 403 P. 2d 189.)

A rehearing was granted, limited to the all-decisive question of whether the record disclosed valid service of summons upon appellant Veatch.

The foregoing question, while it was raised in the original hearing, was not covered in our initial opinion. Hence, it becomes our duty to correct our error in failing to do so. That, it may be stated, can only be accomplished by supplementing the statement of facts set forth in the original opinion. Such facts, which if they are not actually conceded are certainly not disputed, may be stated thus:

Following the filing of the amended petition on June 6, 1963, in the Sedgwick County district court a summons was issued on the same date by the clerk *directed to the sheriff of Sedgwick County*, which was in some undisclosed fashion *delivered to the sheriff of*

Crawford County and served upon Veatch by a deputy sheriff of that county. The summons was returned by the sheriff of Crawford County to the clerk of the district court of Sedgwick County with a return showing that it had been served by that official's deputy. The record makes it appear that no further attempt was ever made to obtain service of summons on Veatch in the instant case.

On July 8, 1963, the answer day specified in the foregoing summons, Veatch, through his attorneys, filed a special appearance and motion to quash service in the district court of Sedgwick County which was overruled by the district court of that county on September 9, 1963. Later Veatch's attorneys filed a motion to strike the amended petition from the files of the court which was overruled on November 18, 1963. Still later his counsel filed a demurrer to appellee's amended petition based on grounds such pleading did not state a cause of action in favor of the plaintiff and against Veatch and that plaintiff's purported cause of action was barred by the provisions of G. S. 1949, 60-306, Third. This demurrer was also overruled. Thereupon Veatch perfected his appeal to this court from each of the three heretofore mentioned rulings.

Under facts and circumstances so similar to those involved in the case at bar they are not distinguishable this court in Branner v. Chapman, 11 Kan. (2nd Ed.) * 118, held:

"Where a summons is issued in a suit commenced in one county, and directed to the sheriff of such county, but sent to the sheriff of another county, it cannot be served by a deputy-sheriff of such other county, who has no authority to serve the same except merely such authority as he may have by virtue of being such deputy-sheriff." (Syl. ¶ 1.)

And in the opinion said:

"This action was commenced in the district court of Coffey county by Benjamin Branner, as plaintiff, against C. B. Chapman and Allen Crocker, county clerk of Coffey county, as defendants. A summons was issued by the clerk of said court, and directed to the sheriff of said Coffey county. The summons was served on Chapman alone, and it was served on him by a deputy-sheriff of Lyon county. No service of any summons was made on Crocker, and the deputy-sheriff of Lyon county had no authority to serve said summons on Chapman, except such authority as he might have by virtue of being said deputy-sheriff. The defendant Chapman, by his counsel, made a special appearance in the action, and moved the court below to dismiss the action for want of jurisdiction. The court sustained the motion, and dismissed the action. The plaintiff now brings the case to this court, and asks that the order of the district court dismissing said action shall be reversed. We do not perceive any error in the ruling of the court below. The service of the summons

was certainly irregular, if not illegal and void. A sheriff of *Lyon county* has no legal right, merely by virtue of being such sheriff, to serve a summons directed to the sheriff of *Coffey county,* and the deputy-sheriff of Lyon county has no greater power in this respect than the sheriff of said county himself has. The summons must always (if served in the state) be served by the officer to whom it is directed, or by his deputy, or by some person duly authorized by such officers to serve it, (Gen. St. p. 278, § 106; Code, §§ 63, 66), and it cannot legally be served by any other person. *Therefore, whenever a summons is directed to one officer and is served by another, as in this case, we think the service should be set aside; and this is the proper practice.* In the present case the parties gave the court no alternative but to hold the service bad and dismiss the action, or to hold it good and allow further proceedings to be had, and judgment to be entered upon it. And as the service was unquestionably bad, and as this was the only service in the case, we think the court did not err in dismissing the action. A special appearance to contest the jurisdiction of the court does not give the court jurisdiction.

"The order and judgment of the court below must be affirmed." (\*pp. 120, 121.) (Emphasis supplied.)

For another decision of like import see *Home Owners Loan Corp. v. Clogston,* 154 Kan. 257, 118 P. 2d 568, where it is held:

"It is the general rule that the sheriff of one county has no authority to serve a summons which is directed to the sheriff of another county." (Syl. ¶ 1.)

And said:

". . . It may be stated as a general rule that the sheriff of any county has no authority to serve process not directed to him. (*Branner v. Chapman,* 11 Kan. 118; 21 R. C. L. 1266; 61 C. J. 470; *Merchants Credit Service v. Choteau County Bank* [Mont.], 114 P. 2d 1074.) . . ." (p. 259.)

That the foregoing decisions are in full accord with legislative intent and mandate is fully demonstrated by applicable provisions of our statute.

See G. S. 1949, 60-2506, which reads:

"The summons shall be served by the officer to whom it is directed, who shall endorse on the original writ the time and manner of service. . . ."

See, also, G. S. 1949, 60-2513 which reads:

"The officer to whom the summons is directed must return the same within the time therein stated."

From what has been heretofore stated and held we have no difficulty in concluding that the trial court should have sustained appellant's motion to quash made on special appearance.

In an attempt to forestall the consequences of the conclusion just announced appellee argues Veatch waived his right to appeal by filing a motion to strike and a demurrer to the amended petition. The ruling on the demurrer to the amended petition was the first

appealable order appearing in the lawsuit. We cannot agree with appellee's position. See *First National Bank of Topeka v. United Telephone Ass'n*, 187 Kan. 29, 353 P. 2d 963, where it is held:

"Although an independent appeal does not lie from an order overruling a motion to quash service of summons, such an order is reviewable under the provisions of G. S. 1959 Supp., 60-3314a, notwithstanding the fact the order was made more than two months before an appeal therefrom is taken, provided an appeal by the aggrieved party is timely perfected from a judgment or some other appealable order. (*Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.*, 176 Kan. 121, 269 P. 2d 402.)" (Syl. ¶ 2.)

And in the opinion said:

". . . Since United had no right to appeal from the order overruling the motion to quash the service of summons at the time of such ruling, it did not waive the question by proceeding on the answer. (citing case)." (p. 33.)

For just a few of the many other decisions of like import see *Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.*, 176 Kan. 121, 269 P. 2d 402; *Voelker v. Broadview Hotel Co.*, 148 Kan. 326, 81 P. 2d 36, and *Vann v. Railway Co.*, 103 Kan. 857, 176 Pac. 652.

In view of the conclusions previously announced it is neither necessary nor required that we here pass upon the trial court's rulings on appellant's motion to strike the amended petition from the files or his demurrer to that pleading.

What is here concluded leaves the conclusions reached in the original opinion, as it now appears in *Finn, Administratrix v. Veatch*, reported in 195 Kan. 13, 403 P. 2d 189, without any force and effect.

The judgment is reversed with instructions to sustain the motion to quash.