No. 44,610

HOOVER EQUIPMENT COMPANY, a corporation, *Appellant*, v. NOLAND SMITH, (Defendant) and EDNA SMITH, *Appellee.*

(422 P. 2d 914)

Opinion filed January 21, 1967.

*Frank W. Thompson,* of Iola, argued the cause, and *Stanley E. Toland,* of Iola, was with him on the brief for the appellant.

*Robert F. Stadler,* of Humboldt, argued the cause, and *L. T. Cannon,* was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The Hoover Equipment Company, a corporation, filed an action to foreclose a mortgage on real estate in Allen county, Kansas. After issues were joined in the pleadings the action was dismissed by the trial court as against the defendant Edna Smith. A summary judgment was entered in favor of plaintiff and against the defendant Noland Smith for $121,445.97. The real estate was released from the lien of the mortgage.

The Hoover Equipment Company will be referred to herein as plaintiff. Plaintiff appeals from the order denying judgment and dismissing the action as against the defendant Edna Smith. No appeal has been taken from the order of the court releasing the real estate from the lien of the mortgage and entering a personal judgment against the defendant Noland Smith.

The controversy arose in Oklahoma where the defendants reside. Noland Smith purchased certain construction machinery from

the plaintiff under an arrangement requiring installment payments. Noland made no down payment. He executed a conditional sale contract which obligated him to pay the entire purchase price of $177,632.80 within a three year period. Title to the machinery was to remain in plaintiff until all payments were made. The agreement provided for repossession and sale of the machinery by plaintiff in event any installment was not paid when due. Edna Smith did not sign the conditional sale contract. Noland and Edna Smith are husband and wife.

On a separate sheet attached as a part of the conditional sale contract there was an agreement which was signed by both Noland and Edna. This agreement provided that Noland and Edna guaranteed payment of the installments set forth in the conditional sale contract. No stated dollar amount was mentioned. It was a complete undertaking to guarantee all payments falling due under the conditional sale contract. It was executed in consideration of the seller (plaintiff) entering into the transaction evidenced by the conditional sale contract. This agreement bore the cognomen "GUARANTY" in the center and at the top of the page. It will be referred to as the guaranty agreement.

Edna owned real estate in Allen county, Kansas, and as part of the arrangement to purchase the machinery two additional instruments were executed. Noland executed and delivered to plaintiff a promissory note in the principal amount of $177,632.80 to be paid over a three year period under a schedule identical to that set forth in the conditional sale contract. Edna did not sign or endorse this note. The next instrument executed was a mortgage on the Allen county land owned by Edna. Noland and ·Edna executed this mortgage. The mortgage purported a consideration of $177,632.80 but it contained an exceptional clause which provided that at such time as the unpaid balance due on the conditional sale contract was reduced to $125,000.00 all covenants expressed in the mortgage would become null and void, and the mortgage would be released.

This entire arrangement to purchase the construction machinery was consummated in the state of Oklahoma. The parties are residents of that state and all of the written instruments were drawn, executed and delivered there. Noland defaulted in his payments and the plaintiff repossessed the machinery. The plaintiff sold all of this machinery in Oklahoma under the authority expressed in the

conditional sale contract for a gross sum of $40,575.00. The present action was filed seeking judgment against both Noland and Edna and requesting foreclosure and sale of the land in Allen county. Service of summons was effected by publication notice. The petition set forth the facts concerning the indebtedness incurred by Noland. It alleged execution of the promissory note and conditional sale contract, and recited the execution of the mortgage which was in default. The petition asked for judgment against both Noland and Edna in the amount of $126,291.16, prayed for foreclosure of the mortgage lien and for a sale of the real estate to satisfy said lien. The plaintiff attached copies of all written instruments to the petition and marked them as exhibits. Exhibit "A" consisted of copies of the promissory note, the conditional sale contract and the guaranty agreement. Exhibit "B" consisted of a copy of the mortgage.

Noland and Edna appeared in answer to the publication notice and filed a joint answer and counterclaim. In the answer they specifically denied that Edna had signed or endorsed the promissory note and alleged that Edna was the sole owner of the real estate. They stated the balance due from Noland on the conditional sale contract was less than $125,000.00, and the credit allowed by plaintiff from proceeds of sale of machinery was incorrect both in manner of sale and amount. The counterclaim requested release of the mortgage. Plaintiff filed a reply to this counterclaim denying all new matters.

A pretrial conference was completed on the case and Edna filed a motion to dismiss the action as to her. She asked that the mortgage lien be released against her real estate because the unpaid balance on the machinery was $105,554.90, and the mortgage provided for such release when the amount due was reduced below $125,000.00.

Plaintiff filed a motion for a summary judgment against both Noland and Edna in the amount of $105,554.90 with interest. Plaintiff conceded this was the correct balance and the mortgage no longer existed as a valid lien on the real estate. It was at the time of this motion plaintiff first attempted to claim liability against Edna based upon the guaranty agreement which was attached to the petition as a part of Exhibit "A."

The trial court rendered summary judgment against Noland

in the amount of $121,445.97 including interest. The mortgage was adjudged invalid. Plaintiff was denied judgment against Edna. She was dismissed from the action on her motion. Plaintiff then moved the court to amend its findings, make additional findings, amend the judgment to include Edna, or, in the alternative, to grant a new trial for the purpose of determining the liability of Edna under the guaranty agreement. The court denied this motion *in toto* and in support of the judgment stated:

"1. That the petition of the plaintiff does not raise the issue of whether the defendant Edna Smith is liable on an instrument of guaranty, a copy of which instrument was attached to the pleading as an exhibit.

"2. That the oral motion of the plaintiff to amend its petition to plead liability on the part of the defendant Edna Smith under an instrument of guaranty, copy of which instrument was attached to plaintiff's petition, should be overruled."

This appeal followed.

The statement of points to be considered on appeal do not include the question of jurisdiction of the trial court to render a personal judgment against defendants. They originally appeared in court in response to publication notice for the purpose of defending against the sale of land. The defendant Edna Smith was dismissed from the action and no personal judgment was rendered against her on the guaranty agreement. Personal judgment was rendered against the defendant Noland Smith but no appeal has been taken from that portion of the judgment. We pass directly to the question of sufficiency of the petition to raise an issue of liability against Edna Smith on the guaranty agreement.

In order for us to decide whether there was error in refusing to enter summary judgment against Edna we must determine whether the petition properly raised the issue by stating a claim against her on the guaranty agreement.

The first two paragraphs of the petition contained the addresses and residences of the parties. The third paragraph, which is our primary concern, reads as follows:

"That on October 25, 1961, the defendant, Noland Smith, purchased from plaintiff certain machinery and equipment under a conditional sale contract bearing said date and by the terms of said contract agreed to pay to plaintiff or its assigns the sum of $177,632.80, and as a further part of said transaction, executed and delivered to plaintiff his negotiable promissory note in writing of that date by the terms of which note he promised and agreed to pay plaintiff the said principal sum of $177,632.80 in 35 successive monthly payments, commencing Dec. 15, 1961, without interest before maturity and, after maturity,

at the highest lawful contract rate. That the defendant, Edna Smith, endorsed said note unconditionally."

The balance of the petition contains the standard declarations necessary to obtain foreclosure of a real estate mortgage. The petition proper contains no allegation concerning a guaranty agreement. We find no reference therein to liability for payment of indebtedness by Edna Smith except the statement appearing in paragraph three which stated the defendant Edna Smith endorsed said note unconditionally. The petition did allege that there remained an unpaid balance due under the terms of the note and that plaintiff was entitled to sue and collect thereon. The parties agreed the note was not signed or endorsed by Edna. The instruments attached to the petition and marked Exhibit "A" did include the guaranty agreement which was attached to the conditional sale contract as a part thereof.

Under general rules of pleading set forth in *K. S. A. 60-208 (e)* we find:

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in section 60-211."

The statute contemplates alternate statements of a claim in either one count or in separate counts. No attempt was made in the present action to set forth alternate statements of multiple claims. The petition encompassed one claim against Edna Smith based upon an unconditional endorsement of the note and her execution of the mortgage to secure payment of this note. However, plaintiff contends that the guaranty agreement was attached to the petition and under the present code of civil procedure permitting notice pleading this should be held sufficient to support the alternate claim under the guaranty agreement. In support thereof plaintiff points to *K. S. A. 60-209 (h)* which provides for pleading a written instrument and indicates that whenever a claim is founded upon a written instrument, the same may be pleaded by attaching a

copy to the pleading as an exhibit. Plaintiff further relies upon *K. S. A. 60-210 (c)* which provides that an exhibit attached to a pleading is a part thereof for all purposes. These statutes were not passed to dispense with the necessity of stating the nature of a claim. They do not permit a party, who has failed in his action to foreclose a real estate mortgage, to continue the litigation upon an entirely different theory of recovery based upon extraneous exhibits attached to the petition.

The plaintiff cites federal cases which hold that if there is an inconsistency between the allegations of the petition and an exhibit attached thereto the exhibit controls. However, this is not the question with which we are concerned. The petition contains no allegations relating to liability under the guaranty agreement and no inconsistency appears between the petition and the exhibit. Although *K. S. A. 60-210 (c)* provides that an exhibit attached to a pleading is a part thereof for all purposes, such exhibit cannot be substituted for an allegation lacking in the pleading but necessary to declare a legal claim of relief against a defendant. (*Caterpillar Tractor Co. v. International H. Co.*, C. C. A. 9th, 1939, 106 F. 2d 769; 1-A Barron and Holtzoff, Federal Practice and Procedure, § 325, p. 260; 71 C. J. S. Pleading § 375 (2); 41 Am. Jr. Pleading § 56.)

At the time plaintiff filed the motion for summary judgment it was conceded by all parties to the action that the mortgage was no longer a lien against the land. It was further conceded that defendant Edna Smith was not obligated to plaintiff by reason of an unconditional endorsement of the note. Plaintiff's claim to relief was predicated upon the issues presented in the petition. The issues between the plaintiff and Edna Smith had been disposed of by the stipulation of the parties. Therefore, the motion for summary judgment was properly denied against Edna. The court was justified in dismissing the action against her unless permission was granted to amend the petition to include a new claim based upon the guaranty agreement.

The remaining question in this appeal is whether the trial court was justified in refusing permission to amend the petition to state the new claim. Plaintiff's motion for leave to amend the petition was presented to the court after motion for summary judgment against Edna had been denied and after her motion to dismiss the action had been granted.

*K. S. A. 60-215 (a)* provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty (20) days after service of the amended pleading whichever period may be the longer, unless the court otherwise orders."

*K. S. A. 60-215 (d)* provides:

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the judge deems it advisable that the adverse party plead to the supplemental pleading, he shall so order, specifying the time therefor."

Plaintiff's application to amend is not permitted under the statute as a matter of course since the statute requires such amendment before a responsive pleading is served. The application to amend the petition was one which may be granted by leave of court or by written consent. Permission to amend was refused. A trial court is given wide latitude and discretion in permitting or refusing amendments of pleading in the interests of justice. In the absence of a clear abuse of discretion the order of the trial court should be approved. (*Finn, Administratrix, v. Veatch,* 195 Kan. 13, 403 P. 2d 189; *Lackey v. Medora Township,* 194 Kan. 794, 401 P. 2d 911; see, case annotations under G. S. 1949, 60-759.)

Sufficient reasons for denying the amendment in the interest of justice appear in the record. The parties were all residents of Oklahoma. The purchase of the machinery by Noland Smith was completed in that state and all agreements between the parties were executed there. The nonresident defendants could not have been sued in Kansas upon the guaranty agreement without the plaintiff resorting to special proceedings to attach the land. The defendants were brought into court by publication service for the purpose of foreclosing a mortgage on Kansas land. The defendant, Edna Smith, was successful in showing the mortgage was no longer a valid lien upon her land. She was not advised by plaintiff of any claim upon the guaranty until all issues in the foreclosure action

had been resolved in her favor. The proper construction to be placed upon the guaranty agreement and its validity is governed by the laws of Oklahoma which was the place of contract. Any defense which defendant might have had, including the statute of limitations, depended upon the law as it existed in Oklahoma.

The burden in the present case of establishing an abuse of discretion falls upon the appellant. Plaintiff's petition did not set forth a claim of liability against Edna Smith based upon the guaranty agreement. The right to amend the petition in this case rested in the sound discretion of the trial court. The appellant has failed to establish an abuse of discretion to the satisfaction of this court.

The judgment is affirmed.