NOT DESIGNATED FOR PUBLICATION

No. 121,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYWANA CROSBY,
*Appellant*,

v.

ESIS INSURANCE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed October 30, 2020. Affirmed.

*Tywana Crosby*, appellant pro se.

*Tyler M. Waugh* and *Sean M. Sturdivan*, of Sanders Warren & Russell LLP, of Overland Park, for appellee.

Before WARNER, P.J., STANDRIDGE and GARDNER, JJ.

PER CURIAM: Tywana Crosby rented a car from Dollar Rent A Car. A few days later, she was injured in a car accident when another driver pulled out in front of her. Instead of seeking compensation for her injuries from the tortious driver, Crosby sued ESIS Insurance—a company she believed was Dollar's insurer—for breach of contract. In doing so, she alleged that she had entered into a rental contract with ESIS, not Dollar. The district court granted ESIS's motion to dismiss, finding Crosby had not shown she had a contract with ESIS. After reviewing the pleadings and parties' arguments, we agree that Crosby's petition, viewed through the lens of the written rental agreement, fails to state this crucial element of a breach-of-contract claim. We therefore affirm.

1

In February 2017, Crosby rented a 2016 Chevy Impala from Dollar Rent A Car in Wichita. When she did so, she declined Dollar's optional liability insurance supplement, which would have provided insurance during the rental period. Three days later, she was involved in a collision when a car pulled out in front of her. Crosby complained of neck, chest, and hip pain, and an ambulance transported her to a hospital.

Two years after the accident, Crosby filed a pro se petition asserting a breach-of-contract claim against ESIS Insurance, a company she believed to provide liability insurance for Dollar car rentals. Crosby's short petition alleged:

- That she and ESIS "entered into a contract to the car rental: white Chevy impala LT plate # MO-KNF/H2F."

- That ESIS "has failed to perform their [*sic*] obligations and is in breach of contract."

- That she "suffered damages as a result of the defendant's breach of contract in the amount ($60,000.00), plus future therapy and dr. visits."

The petition also indicated that ESIS had not provided her a copy of any applicable declarations page for its insurance through Dollar.

ESIS filed a motion to dismiss for failure to state a claim because it was not a party to the contract she referenced, attaching a copy of the rental agreement. Alternatively, ESIS requested that Crosby provide a more definite statement as to the basis of her breach-of-contract claim.

Crosby then filed another document entitled "Answer to a More Definite Statement," explaining that she was arguing ESIS breached its contractual obligation by failing to settle her claim (that is, pay for the injuries she received as a result of the car accident). Crosby attached copies of the police accident report and ambulance report to her filing. But she did not dispute the authenticity of the rental agreement attached to ESIS's motion or indicate that she had some other contract with ESIS other than the car-rental contract she had alleged in her petition.

After a hearing, the district court granted ESIS's motion to dismiss. The court found that the only contract Crosby referenced in her petition—the rental agreement for the Chevy Impala—was with Dollar, not ESIS. Because Crosby had not shown she had a contract with ESIS, the court ruled that her breach-of-contract claim failed as a matter of law. Crosby appeals.

DISCUSSION

K.S.A. 2019 Supp. 60-212(b)(6) allows a court to dismiss a petition that "fail[s] to state a claim upon which relief may be granted." Motions brought under this provision test the legal tenability of the plaintiff's claims. For this reason, we exercise unlimited review over a district court's grant of a motion to dismiss under K.S.A. 2019 Supp. 60-212(b)(6). We interpret a petition's pleaded facts in the light most favorable to the plaintiff and assume that those facts are true (along with any inferences reasonably drawn from them). If the pleaded facts and inferences therefrom state any claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

When presented with a motion to dismiss, a district court's consideration is generally limited to the petition itself. If parties try to litigate matters outside the

3

pleadings by way of a motion to dismiss, that motion usually must be instead treated as a motion for summary judgment, giving parties the opportunity to present all information relevant to the motion. K.S.A. 2019 Supp. 60-212(d). See *Sperry v. McKune*, 305 Kan. 469, 480-82, 384 P.3d 1003 (2016) (district court erred when it granted a motion to dismiss under K.S.A. 60-212[b][6] instead of analyzing motion as one for summary judgment when it considered an affidavit attached to defendant's motion).

But there are limited exceptions to this rule. Relevant here, K.S.A. 2019 Supp. 60-210(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." See 305 Kan. at 480 (noting that "documents attached to a petition can be considered when ruling on a 60-212(b)(6) motion"). Kansas courts have long recognized that a written contract attached to a pleading, whether it be a petition or answer, may be considered when determining whether to dismiss a claim for breach of contract. See *Limerick v. Barrett*, 3 Kan. App. 573, 43 P. 853 (1896) (affirming grant of motion for judgment on the pleadings based on written contract attached to defendant's answer); see also *Hemphill v. Shore*, 295 Kan. 1110, 1117, 289 P.3d 1173 (2012) (trust instrument attached to plaintiff's petition could be considered in determining whether to grant a motion to dismiss). And to the extent a plaintiff's petition contains allegations that are inconsistent with the written contract on which his or her claim is based, Kansas law recognizes that the language of the written contract—not the allegations in the petition— controls. See *Fleming v. Campbell*, 146 Kan. 294, Syl. ¶ 2, 69 P.2d 718 (1937); see also *Hoover Equipment Co. v. Smith*, 198 Kan. 127, 132, 422 P.2d 914 (1967) (referencing "federal cases which hold that if there is an inconsistency between the allegations of the petition and an exhibit attached thereto the exhibit controls").

Federal courts have interpreted Federal Rules of Civil Procedure 10(c) and 12(b)(6), which are substantially identical to K.S.A. 2019 Supp. 60-210(c) and K.S.A. 2019 Supp. 60-212(b)(6), to apply not only to written contracts attached to pleadings, but also to contracts attached to a defendant's motions to dismiss. Thus, when a complaint

4

refers to an unattached document central to the plaintiff's claim, a defendant may submit—and a court may consider—an undisputedly authentic copy of the document without transforming the motion to dismiss into a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (collecting cases from various circuits); see also *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (noting "documents necessarily embraced by the complaint," particularly a contract upon which a claim rests, are not matters outside the pleadings). The Tenth Circuit Court of Appeals explained the basis for this rationale in *GFF Corp.*:

> "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied. Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates." *GFF Corp.*, 130 F.3d at 1385.

Although Kansas courts do not appear to have considered the effect of a written contract attached to a motion to dismiss (rather than a pleading), we find the Tenth Circuit's reasoning to be consistent with Kansas courts' practice under K.S.A. 2019 Supp. 60-210(c) and K.S.A. 2019 Supp. 60-212(b)(6). Accord *Scott v. Ewing*, 56 Kan. App. 2d 827, 835, 437 P.3d 1021 (Kansas courts often look to federal decisions as persuasive guidance in areas of civil procedure, particularly since Kansas' rules of civil procedure were modeled on their federal counterparts.), *rev. denied* 310 Kan. 1063 (2019). Although petitions should generally be liberally construed, plaintiffs should not be permitted to circumvent dismissal by failing to attach or accurately describe a written contract on which a lawsuit is based when no one disputes a contract's authenticity. Indeed, Kansas law seeks to avoid this circumstance by requiring plaintiffs who are asserting claims based on a written instrument—such as a contract—to incorporate, recite, or attach the written document to their petition. K.S.A. 2019 Supp. 60-209(h).

To state a claim for breach of contract, a plaintiff must demonstrate "the existence of a contract between the parties." *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083 (2013). In her petition, Crosby averred that "Plaintiff and Defendant"—that is, Crosby and ESIS—"entered into a contract to the car rental: white Chevy impala." She did not attach a copy of the contract on which she relied to any of her filings, but ESIS attached it to its motion to dismiss. That written rental contract was between Crosby and *Dollar*, not Crosby and *ESIS*. Crosby has not disputed the veracity or authenticity of that contract. Nor has she sought to amend her petition to articulate a contract she had with ESIS.

It appears from our review of Crosby's filings that she believes ESIS has some obligation to compensate her for her injuries, but she has not demonstrated the existence of a contract under which any such obligation arises. In fact, the written rental agreement indicates that Crosby declined liability insurance through the Dollar contract. Without a contractual relationship between Crosby and ESIS, ESIS had no contractual obligation to Crosby to compensate her for her injuries or to provide her a copy of a declarations page to an insurance contract to which she is not a party. See *Glenn v. Fleming*, 247 Kan. 296, Syl. ¶ 3, 799 P.2d 79 (1990) (a claim against an insurance company for failure to settle cannot succeed when there is no contract between the parties).

The written rental agreement—the only contract Crosby alleges in her petition— controls the outcome of this case. Because ESIS was not a party to that agreement, Crosby's claim for breach of contract against ESIS fails as a matter of law. See *Stechschulte*, 297 Kan. at 23. Thus, she failed to state a claim upon which relief may be granted, and the district court correctly granted ESIS's motion to dismiss under K.S.A. 2019 Supp. 60-212(b)(6).

Affirmed.

6